**Affirmed as Modified and Opinion Filed May 26, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-14-00526-CR

---

### CLINTON EUGENE WHITFIELD, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the Criminal District Court No. 3
### Dallas County, Texas
### Trial Court Cause No. F11-55984-J

---

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Francis

Clinton Eugene Whitfield appeals his conviction for aggravated assault with a deadly weapon. The trial court assessed punishment, enhanced by one prior felony conviction, at fifteen years in prison. On appeal, appellant's attorney filed a brief in which he concludes the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 811–12 (Tex. Crim. App. [Panel Op.] 1978). Counsel delivered a copy of the brief to appellant. We advised appellant of his right to file a pro se response, but he did not file a pro se response. *See*

*Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (identifying duties of appellate courts and counsel in *Anders* cases).

We have reviewed the record and counsel's brief. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We agree the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal.

Although not an arguable issue, we note two errors in the trial court's judgment adjudicating guilt. First, the judgment incorrectly states the statute for the offense is "22.22 Penal Code." Appellant was convicted of aggravated assault under section 22.02 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011). Second, the judgment does not reflect appellant's plea of true to the enhancement paragraph or the trial court's finding that the paragraph is true. Accordingly, we modify the judgment adjudicating guilt to show the statute for the offense is "22.02 Penal Code," the plea to the enhancement paragraph is true, and the finding on the enhancement paragraph is true. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment adjudicating guilt.

Do Not Publish
TEX. R. APP. P. 47
140526F.U05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CLINTON EUGENE WHITFIELD,
Appellant

No. 05-14-00526-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 3 of Dallas County, Texas (Tr.Ct.No.
F11-55984-J).
Opinion delivered by Justice Francis,
Justices Lang-Miers and Whitehill
participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

The section entitled "Statute for Offense" is modified to show "22.02 Penal Code."

Add section "Plea to 1st Enhancement Paragraph: True."

Add section "Findings on 1st Enhancement Paragraph: True."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered May 26, 2015.